# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**THOMAS ROLLE, JR.**,

      Petitioner,

-vs-                                 CASE NO:   8:08-cv-136-T-30MSS

                                         Criminal Case No:  8:05-cr-167-T-30MSS

**UNITED STATES OF AMERICA,**

      Respondent.

_____/

# <u>ORDER</u>

THIS CAUSE comes before the Court for consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1), Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #5), Petitioner's Motion to Amend/Correct the Petition (CV Dkt. #7), the Government's Response in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence (CV Dkt. #10) and Petitioner's Reply to the Response (CV Dkt. #12).  The Court finds that Petitioner's Motion to Amend/Correct the Petition should be granted.  The merits of Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 are set forth below.

## BACKGROUND

On April 21, 2005, Petitioner was charged by indictment with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(A)(ii) (Count One) and 18 U.S.C. § 2 (Count 2). On May 5, 2005, the Government filed an Information and Notice of Prior Convictions pursuant to 21 U.S.C. § 851 alleging two prior felony drug convictions. On August 8, 2005, Petitioner pled guilty pursuant to a written plea agreement with the Government.

As one of the terms of his plea agreement, Petitioner expressly waived his right to appeal or challenge his sentence collaterally except under limited circumstances including:

> (a) the ground that the sentence exceeds the defendant's applicable guideline range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

On March 14, 2007, this Court sentenced Petitioner to 240 months imprisonment to be followed by 120 months of supervised release. Petitioner filed a direct appeal to the Eleventh Circuit Court of Appeal, arguing that he should have received a minor role reduction. The Government moved to dismiss based on the appeal waiver in the plea agreement, and the motion was granted. (CR Dkt. #109.)

On January 18, 2008, Petitioner timely filed the instant § 2255 Motion claiming ineffective assistance of counsel at sentencing and on appeal.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, a prisoner may file a habeas corpus petition within one-year of the date upon which their conviction becomes final to challenge their sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack."  28 U.S.C. § 2255; 28 U.S.C. § 2244(d)(1)(A).

In analyzing ineffective assistance of counsel claims, this Court must apply *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was (1) deficient, and (2) that the deficient performance prejudiced the defense.  *Id*. at 684.  The *Strickland* standard defines the proper measure of attorney performance as "reasonableness under prevailing professional norms," but counsel is "strongly presumed" to have rendered adequate assistance. *Id.* at 694.  Petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  "The issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). Further, vague, conclusory, speculative, or unsupported claims are insufficient to support claims of ineffective assistance of counsel. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th

3

Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992).

**Appeal Waiver**

As set forth above, one of the conditions of Petitioner's plea agreement was that he waived his right to appeal his sentence, directly or collaterally, except in limited circumstances. (CR Dkt. #38.) A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a § 2255 proceeding. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). The appeal waiver is enforceable against claims of ineffective assistance of counsel unless the ineffective assistance claim relates directly to the negotiation of the waiver itself. *See id.* For the waiver to be enforced, the United States must demonstrate that the defendant entered the appeal waiver "knowingly and voluntarily." *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). A record demonstrating that the district court questioned the defendant about the waiver in a Fed. R. Crim. P. 11 colloquy is sufficient to establish that the appeal waiver was "knowing and voluntary". *Id.* at 1351.

In this case, the Court found that Petitioner knowingly, intelligently and voluntarily entered a guilty plea.[1] At the plea hearing, the Court discussed the implications of each portion of the waiver of appeal with Petitioner, and asked him if he understood each section. Petitioner answered in the affirmative. The Court then asked Petitioner if he had any questions, and whether he understood the severe consequences of the waiver. Petitioner

---

[1] United States of America v. Thomas Rolle, Jr., Transcript of Change of Plea Hearing, CR Dkt. #107, Case No: 8:05-CR-167-T-30MSS (Aug. 8, 2005)

acknowledged that he understood the limiting nature of the waiver of appeal, and that he entered the plea agreement voluntarily. Further, Petitioner conceded that he was entering a guilty plea because he was, in fact, guilty of the offense of conspiracy to possess with intent to distribute five kilograms or more of cocaine. Statements made by a defendant in open court are presumed to be true. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 (11th Cir. 1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 (11th Cir. 1985). Since the Court clearly questioned the defendant about his plea being knowing and voluntary, the Government demonstrated that Petitioner entered the plea "knowingly and voluntarily." Therefore, this ground fails.

## **DISCUSSION**

Even if the Court were to find that the appeal waiver were ineffective, Petitioner would still not be entitled to relief under § 2255 for reasons set forth below.

Petitioner contends that (1) this Court lacked jurisdiction to enhance Petitioner's sentence; (2) the Government failed to establish beyond a reasonable doubt that his 1991 offense was a felony drug conviction; (3) defense counsel was ineffective for failing to object to Petitioner's sentence, and appeal the enhancement; and (4) defense counsel was ineffective for failing to investigate and present mitigating evidence of Petitioner's health problems.

**Ground One:**

Petitioner argues that his sentence violated his Fifth Amendment rights "in light of the fact that court lacked jurisdiction and authority to impose such a sentence because it failed to comply with the mandatory requirement of Title 21, United States Code, Section 851(b)

5

before imposing said enhanced sentence."  In support of his argument, Petitioner argues that the Court imposed the sentence without having followed the procedural requirements set forth in § 851.  Petitioner also asserts that defense counsel should have objected to the "jurisdictional defect" which renders his sentence unconstitutional.

Section 21 U.S.C. § 851 provides in pertinent part:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon . . . .the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence . . . . No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred *more than five years* before the date of the information alleging such prior conviction. (*emphasis added*)

The underlying assertion supporting Petitioner's claim is factually inaccurate - the Court followed the procedural guidelines set forth in 21 U.S.C. § 851, and did have jurisdiction to impose Petitioner's sentence.

The Government filed an Information and Notice of Prior Convictions on May 5, 2005, prior to Petitioner's sentencing.  Even though Petitioner was statutorily barred from challenging his 1991 conviction because it was more than thirteen years prior to the charge in the instant case, the Court gave him the opportunity to do so at the sentencing hearing.  *See* 21 U.S.C. § 851 (e); CR Dkt. #102.

The pre-sentence report included two prior convictions - a 1991 Washington state conviction, and a previous Florida felony drug conviction.  At the hearing, the Government confirmed that the 1991 offense was actually a misdemeanor, which would not result in a sentence enhancement, but that Petitioner's Florida state conviction was a felony drug offense that would call for enhancement.  The Court stated that since "the Government filed an enhancement, [the sentence] would be a mandatory twenty years."  Subsequently, the Court asked Petitioner if he had the opportunity to read and discuss the pre-sentence report, and whether he had any objections to its factual accuracy.  Petitioner acknowledged that he had read the report, and did not have any objection to the facts.  Petitioner made only one objection at the hearing, and that was for a minor role reduction.  Petitioner did not assert any objections to the pre-sentence report, or the validity of the previous Florida felony conviction which gave rise to the enhancement.  Since the Court followed the procedure set forth in 21 U.S.C. § 851 for dealing with prior convictions, the Court had jurisdiction to enhance Petitioner's sentence, and was statutorily required to do so.

Petitioner makes a secondary argument that defense counsel was ineffective for failing to object to the "jurisdictional defect."  Since there was no jurisdictional defect, counsel cannot be deemed ineffective for failing to raise this issue at sentencing or on appeal. Counsel's assistance cannot be deemed ineffective because counsel failed to raise frivolous claims.  *Chandler v. Moore*, 240 F.3d 907, 917-18 (11th Cir. 2001) (rejecting argument for ineffective assistance of counsel where counsel failed to raise a non-meritorious claim). Accordingly, this ground fails.

**Ground Two:**

Petitioner alleges that the Government failed to establish that the 1991 offense was a felony drug offense. Petitioner is correct. In fact, the Government admitted at sentencing that the 1991 Washington state offense was a misdemeanor conviction which would not result in a sentence enhancement. However, the 1991 charge was not the charge upon which the sentence enhancement was based. At the sentencing hearing, the Government verified that Petitioner was previously convicted of a felony drug offense in the state of Florida. When given the opportunity, Petitioner did not contest the factual accuracy of the Florida felony drug conviction. Since the 1991 offense was *not* the offense upon which the sentence enhancement was predicated, the fact that the 1991 conviction was not a felony would not have had any effect on Petitioner's sentence. Accordingly, Petitioner is not entitled to relief on this ground.

**Grounds Three and Four:**

Petitioner alleges that defense counsel was ineffective for failing to (3) object to Petitioner's sentence, and appeal the enhancement; and (4) investigate and present mitigating evidence of Petitioner's health problems.

Petitioner's underlying assertions supporting ground three are factually incorrect - counsel objected to the defendant's role in the offense, requested a two-level downward departure (CR Dkt. #102 at 4), filed a notice of intent to appeal within five days of the sentencing hearing (CR Dkt. #95), and filed for direct appeal within ten (10) days of

Petitioner's sentencing hearing (CR Dkt. #96). Just because he was unsuccessful doesn't mean his performance was deficient.

Petitioner also alleges ineffective assistance based on his counsel's failure to present mitigating evidence based on Petitioner's "mental health issues" and possible "diminished capacity." However, counsel had no reason to present such evidence. The Eleventh Circuit has held that district courts do not have the discretion to impose less than a mandatory minimum sentence. *See United States v. Brehm*, 442 F.3d 1291, 1300 (11th Cir.), *cert. denied*, 127 S.Ct. 457 (2006). The Court sentenced Petitioner to the statutory minimum under 21 U.S.C. § 841(b)(1)(A). Therefore, even if counsel had presented such evidence, the outcome of Petitioner's case would not have been altered. Accordingly, this ground fails.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1.  Petitioner's Motion to Amend/Correct the Petition (CV Dkt. #7) is GRANTED.

2.  Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #5) is DENIED.

3.  Petitioner's original Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is terminated as moot.

4.  The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

5.     The Clerk is directed to terminate the pending Motion to Vacate, Set Aside, or

Correct Sentence (CR Dkt. #110) in the underlying criminal case: 8:05-CR-

167-T30MSS.

**DONE** and **ORDERED** in Tampa, Florida on May 2, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Conformed copies to:
Counsel/Parties of Record

F:\Docs\2008\08-cv-136.deny 2255.wpd